# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Long Beach Mortgage Loan Trust 2004-1, Asset-Backed Certificates, Series 2004-1,<br><br>      Plaintiff,<br><br>v.<br><br>JOSEPH J. CANNON, not personally, but as Successor Trustee under Trust Agreement dated January 1, 1986, and known as the R.K. Realty Trust, and CHICAGO TITLE LAND TRUST COMPANY, as Successor Trustee of Cole Taylor Bank under Trust Agreement dated June 1, 1996, known as Trust 96-4086,<br><br>      Defendants. | No. 12 C 5225<br><br>Judge Sara L. Ellis |

## OPINION AND ORDER

Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2004-1, Asset-Backed Certificates, Series 2004-1 ("Deutsche Bank") filed an action to foreclose on a mortgage granted by Frank Larkin to Long Beach Mortgage Company ("Long Beach") against the property located at 1733 Ellendale Drive, Northbrook, Illinois (the "Property"). Larkin died in May 2004, and Chicago Title Land Company, as Successor Trustee of Cole Taylor Bank under Trust Agreement dated June 1, 1996, known as Trust 96-4086 ("Trust 96-4086") is the current record owner of the Property. Joseph J. Cannon, Successor Trustee under Trust Agreement dated January 1, 1986, and known as the R.K. Realty Trust ("R.K. Realty Trust") was joined as a defendant because R.K. Realty Trust has a junior mortgage on the

property.[1]  R.K. Realty Trust is the alleged beneficiary of Trust 96-4086.  There are two motions presently before the Court: (1) Deutsche Bank's motion to dismiss R.K. Realty Trust and Trust 96-4086's affirmative defenses and counterclaims [64], and (2) Chicago Title Land Trust Company, as Successor Trustee to Cole Taylor Bank, under Trust Agreement dated June 1, 1987, commonly known as Trust Number 00-044-044's ("Trust 44-044") petition to intervene [57].  Because the record is unclear as to which party has standing to assert the claims at issue, which additionally are not pleaded with particularity, the motion to dismiss is granted and the petition to intervene is denied.

## BACKGROUND[2]

On December 31, 2003, Larkin purchased the Property from R.K. Realty Trust.  To do so, he granted Long Beach a mortgage to secure a $476,000 loan.  Larkin also delivered a promissory note to R.K. Realty Trust for $119,000, which included a second mortgage on the Property.  On January 29, 2004, Larkin conveyed a Quit Claim Deed to the Property to Trust 44-044.  Larkin and Trust 44-044 also entered into an agreement by which Larkin's rights and responsibilities under the Long Beach mortgage and accompanying note were to be taken over by Trust 44-044, although Larkin was not to be released from any obligations under these instruments.  Notice of the agreements among Larkin, R.K. Realty Trust, and Trust 44-044 was provided to Washington Mutual Bank ("WaMu"), the servicer of the Long Beach mortgage at

---

[1] Joseph J. Cannon has not entered an appearance.  An appearance has been entered on behalf of Luis A. Toledo, who is the current Successor Trustee of the R.K. Realty Trust.

[2] The facts in the background section are taken from the Amended Answer, Affirmative Defenses, and Counterclaim and exhibits attached thereto and are presumed true for the purpose of resolving Deutsche Bank's motion to dismiss.  *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).  A court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment.  *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009).  Where a document is referenced in the complaint and central to the counterclaims, however, the Court may consider it in ruling on the motion to dismiss.  *Id.*  The Court may also take judicial notice of matters of public record.  *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997).

the time, by a March 17, 2004 letter from Jerold S. Rawson, counsel for R.K. Realty Trust and Trust 44-044. The letter was also signed by Larkin, who requested that R.K. Realty Trust or Trust 44-044 "be reflected on your records as my successor in interest under the terms of my Note and Mortgage, with all rights and responsibilities, and without my personal release." Doc. 63-6. The letter specifically declined an assumption package and indicated that Larkin was not to be released from his obligations under the note or mortgage. Instead, the only modification requested was that future monthly loan statements and other notices be mailed to Rawson's office and that the account name be "modified so as to reflect [his] client's interests." *Id.* When Rawson followed up on the status of the March 17, 2004 letter in July 2004, he was advised that his requested modifications were under review.

Larkin died in May 2004. Counsel for Larkin's estate terminated any prior grant of authority that Larkin gave Rawson or R.K. Realty Trust in connection with the mortgage and note. Counsel for the estate also informed WaMu and Litton Loan Servicing ("Litton"), which later took over servicing of the mortgage, that Larkin was not the individual making loan payments. Counsel also wrote to Rawson, informing him that he had no authority to make payments in the estate's name and that he should work with WaMu to have the mortgage put in the proper party's name.

Meanwhile, the loan fell into default on several occasions. Around April 5, 2005, Rawson spoke to Tammy at WaMu and threatened litigation after the amount of the required monthly loan payment was increased without notice, which led to a default. Tammy informed Rawson that the account would be modified as requested but that the account had to be made current.[3] Around December 7, 2005, Rawson spoke to Josh, who worked in WaMu's Collection Department, who again represented that changes would be made to the account if it was kept

---

[3] The counterclaim does not specify what the requested modifications were.

current. Rawson spoke and wrote to Josh again on December 23, 2005. In his letter, he provided some history as to the loan and asked for its current status. Rawson's conversations with Josh continued into January 2006 and were followed by additional letters from Rawson to Josh. In a January 31, 2006 letter, Rawson indicated that R.K. Realty Trust was making the payments on the loan and authorized payment for the outstanding amounts from R.K. Realty Trust's account. He also noted that the mailing address for written communications regarding the loan had been changed to that of the Property but asked whether the addressee would remain the Estate of Frank Larkin or be changed to R.K. Realty Trust. In February, when Rawson sought to make a payment at WaMu's Northbrook, Illinois branch, he was told the account name remained the Estate of Frank Larkin and that the loan was being transitioned to Litton, meaning no payment could be accepted at that time. Rawson then spoke with individuals in Litton's Customer Service Department, tendering a check for payment to Litton on March 22, 2006. Linda McKay, a member of Litton's Customer Assistance Response Team, advised Rawson that modifications to the account would be made once certain documents were submitted and payments were made. Rawson's requests continued through August, when he sent McKay a letter on August 11 asking that the name and address be changed on the account to R.K. Realty Trust. On August 29, Litton informed Rawson that Rawson's firm and R.K. Realty Trust were listed as authorized parties on the loan and that the mailing address for the loan had been updated to reflect Rawson's firm's address. The letter stated, however, that "[c]hanges to the names on a mortgage loan may be processed only in the event of a marriage, divorce, or legal name change. Therefore, we are unable to assist you with your request to change the name from Francis Larkin (Deceased) to R.K. Realty Trust." Doc. 63-12.

R.K. Realty Trust ceased making mortgage payments in May 2007. On June 7, 2007, R.K. Realty Trust and Trust 44-044 assigned to South Interstate Investments, Inc. and Trust 96-4086 all "claims . . . . owned by Assignor, if any, and affixed or attached to, or placed or situated upon, or used or acquired in any way whatsoever in connection with the complete and comfortable use, enjoyment, occupancy or operation of the Property."[4] Doc. 75. South Interstate Investments, Inc. and Trust 96-4086 also assumed the note and mortgage by way of the assignment. An action was filed in the Circuit Court of Cook County to foreclose on the mortgage in 2007, but that action was voluntarily dismissed on September 29, 2010. This action was filed on July 1, 2012.

## ANALYSIS

Turning to the motion to dismiss first, Deutsche Bank moved to dismiss R.K. Realty Trust and Trust 96-4086's affirmative defenses and counterclaims pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). In response, R.K. Realty Trust and Trust 96-4086 withdrew all but their counterclaims for common law fraud (Count III) and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.* (Count IV).

R.K. Realty Trust and Trust 96-4086 claim that Deutsche Bank committed fraud because its servicing agents represented that modifications were going to be made to the account between 2004 and 2006 while knowing that Deutsche Bank would not recognize a party succeeding to a borrower's interests unless it assumed all of the borrower's responsibilities. They also contend that Deutsche Bank engaged in a pattern of mortgage servicing abuse over this same time period

---

[4] Although the assignees are defined as South Interstate Investments, Inc. and Trust 96-4086 in the body of the document, the document was signed by representatives of South Interstate Investments, Inc. and "Chicago Title Land Trust Company, Trust No. 96-1996, as t/u/t/a/d June 1, 1996" as the assignees. Doc. 75. There is no signature line for Trust 96-4086.

5

that violated ICFA by, among other things, representing that requested changes would be made if the account were kept current or if requested documents were submitted. Deutsche Bank argues that these claims fail for a number of reasons, including lack of specificity and actual damages. In its reply, Deutsche Bank argues that it is unclear who has standing to pursue the fraud claims. This argument was raised only in reply because the June 7, 2007 assignment document was inadvertently not filed with the counterclaim, an error corrected only after Deutsche Bank filed its motion to dismiss. Deutsche Bank argues that the assignment of claims did not include the fraud claims raised by R.K. Realty Trust and Trust 96-4086, because they were not "affixed or attached to, or placed or situated upon, or used or acquired in any way whatsoever in connection with the complete and comfortable use, enjoyment, occupancy or operation of the Property." Doc. 75. The Court is inclined to agree with Deutsche Bank, in which case the fraud claims would be owned by R.K. Realty Trust and Trust 44-044, and not Trust 96-4086. This would mean that Trust 96-4086 could not assert them and they would not serve as a potential set-off to the amount owed by Trust 96-4086 on the mortgage. But because R.K. Realty Trust and Trust 96-4086 have not had the chance to respond to this argument, the Court will not rule definitively on the issue. Nonetheless, because the counterclaims also fail for lack of specificity, leaving the Court unable to determine whether a common law fraud or ICFA claim has been stated, the Court dismisses these claims. R.K. Realty Trust or Trust 96-4086, to the extent one of these parties has standing to raise those claims, is given leave to replead these claims. Any amended pleading must set forth the party's standing to maintain the claim. R.K. Realty Trust and Trust 96-4086 are also advised to consider Deutsche Bank's other arguments as to why dismissal is warranted if they choose to replead these claims.

As should be clear from the above discussion, Trust 44-044's motion to intervene also hinges on whether the June 7, 2007 assignment included the fraud claims Trust 44-044 seeks to assert. The counterclaim asserts that the fraud claims were conveyed from Trust 44-044 to Trust 96-4086, Am. Ans. ¶ 32, and it is unclear whether Trust 44-044 even wishes to continue its pursuit of intervention. As discussed above, the plain language of the June 7, 2007 assignment suggests the claims remain with R.K. Realty Trust and Trust 44-044. Trust 44-044's petition to intervene does not mention the assignment. R.K. Realty Trust, Trust 44-044, and Trust 96-4086 must first determine amongst themselves which party or parties seek to assert fraud claims and have the right to do so before the Court can determine whether Trust 44-044 has an interest in the litigation warranting intervention. Thus, the Court denies the petition to intervene without prejudice.[5]

Additionally, the Court notes that Trust 44-044's petition to intervene does not comply with Federal Rule of Civil Procedure 24(c), which requires that a motion to intervene be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). The failure to file a pleading may be considered fatal to a motion to intervene. *See* Fed. R. Civ. P. 24(c); *Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987) (Rule 24(c) is "unambiguous" in requiring the proposed intervenor to file a pleading and intervenors may not "totally ignore the rule"); *Perez v. J.A.S. Granite & Tile, LLC*, No. 10 C 4150, 2013 WL 1632055, at *2 (N.D. Ill. Apr. 16, 2013); *F.T.C. v. Med Resorts Int'l, Inc.*, 199 F.R.D. 601, 606 (N.D. Ill. 2001). *But see Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 595 (7th Cir. 1993) ("[I]f no prejudice would result, a district court has the discretion to accept a procedurally defective motion."). Trust 44-044 is warned, however, that if it files a renewed

---

[5] In doing so, the Court does not address Deutsche Bank's other arguments for denying the petition to intervene, including that any claims Trust 44-044 would have are time-barred.

motion to intervene without attaching a proposed pleading, its motion will be denied for failure to comply with Rule 24(c).

## CONCLUSION

Deutsche Bank's motion to dismiss R.K. Realty Trust and Trust 96-4086's affirmative defenses and counterclaims [64] is granted. R.K. Realty Trust and Trust 96-4086 may file an amended answer and counterclaim, consistent with this Order, by September 30, 2014. Trust 44-044's petition to intervene [57] is denied without prejudice.

Dated: September 22, 2014

_____
SARA L. ELLIS
United States District Judge